**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-30117 |
| Plaintiff-Appellee, | D.C. No.<br>3:20-cr-00065-TMB-MMS-1 |
| v. | |
| JASON DONALD SCHMIDLKOFER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 16, 2023**
Anchorage, Alaska

Before:  MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Defendant Jason Donald Schmidlkofer appeals the denial of his motion to

suppress evidence of a firearm that police officers found during an investigatory

stop.  The magistrate judge determined that the officers had reasonable suspicion to

seize Schmidlkofer.  The district judge adopted the magistrate judge's reasons and

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

recommendations for denying the motion. After a one-day bench trial, the district court found Schmidlkofer guilty of being a felon in possession of a firearm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review a district court's factual findings at a suppression hearing for clear error and its application of the law *de novo*." *United States v. Mattarolo*, 209 F.3d 1153, 1155–56 (9th Cir. 2000).

2. Schmidlkofer argues that evidence of the firearm should have been suppressed because the officers did not have reasonable suspicion to seize him.[1] "Investigatory traffic stops are akin to the on-the-street encounters addressed in *Terry* . . . ." *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). "[A]ccordingly, the same objective standard applies: a police officer may conduct an investigatory traffic stop if the officer has reasonable suspicion that a particular person has committed, is committing, or is about to commit a crime." *Id.* (cleaned up). Reasonable suspicion exists where, "in light of the totality of the circumstances, the officer had 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)).

---

[1] The government conceded before the magistrate judge that a seizure took place when officers blocked Schmidlkofer's vehicle, preventing him from leaving. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

Officer Robinson had reasonable suspicion to seize Schmidlkofer for an investigatory stop because Schmidlkofer's vehicle was illegally parked: it partially blocked a driveway and faced the opposite direction of traffic. *See* Anchorage Municipal Code § 9.30.030(B)(1); Alaska Admin. Code tit. 13, § 02.365(a). And a "traffic violation" or a "parking violation" "alone is sufficient to establish reasonable suspicion." *Choudhry*, 461 F.3d at 1100–01; *see Whren v. United States*, 517 U.S. 806, 810 (1996).

\* \* \*

**AFFIRMED.**